IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

```
DORIS McGARY,                *
                             *
       Plaintiff,            *
                             *
vs.                          *    Civil Action No.05-00408-KD-B
                             *
JO ANNE B. BARNHART,         *
Commissioner of             *
Social Security,            *
                             *
```

<u>ORDER</u>

This matter is before the Court on Petitioner's Application For Attorney's Fees Under The Equal Access To Justice Act (Doc. 22). This action was referred to the undersigned Magistrate Judge for report and recommendation pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 72.2(c)(3). Upon consideration of the pertinent pleadings, it is the recommendation of the undersigned that Petitioner should receive a reasonable attorney's fee in the amount of **$1,781.25.**

I. <u>Findings Of Fact</u>

1.   Plaintiff commenced this action on July 13, 2005 (Docs. 1, 2). On September 21, 2006, this Court entered Judgment, and reversed and remanded this cause to the Commissioner of Social Security for further proceedings. (Docs. 20, 21).

2.   Petitioner's application for attorney's fees was filed on September 29, 2006. (Doc. 22). In the application, Petitioner requests an attorney's fee award of $2,235.40. (<u>Id</u>.) The

attorney's fee request represents a total 14.25 hours, at an hourly rate of $156.87 per hour, for attorney time spent representing Plaintiff in this Court.  (<u>Id</u>.)

3.    The Commissioner of Social Security has filed a Response, and states that it objects only to Petitioner's proposed $156.87 hourly rate, because it exceeds the prevailing EAJA hourly rate cap of $125.00 per hour.  (Doc. 24).

**II.  <u>Conclusions of Law</u>**

1.    The Equal Access to Justice Act (EAJA) requires a district court to "award to a prevailing party . . . fees and other expenses . . . incurred by that party in any civil action . . . including proceedings for judicial review of agency action, brought by or against the United States . . . unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust."  28 U.S.C. § 2412(d)(1)(A).  The Commissioner does not dispute the issues of prevailing party status,[1] timeliness,[2] or substantial justification.

2.    The U.S. Supreme Court has indicated that "the most

---

[1] "[A] party who wins a sentence-four remand order is a prevailing party."  <u>Shalala v. Schaefer</u>, 509 U.S. 292, 302 (1993).

[2] The EAJA requires a prevailing party to file an application for attorney's fees within thirty (30) days of final judgment in the action.  28 U.S.C. § 2412(d)(1)(B).  The thirty (30) day clock did not begin to run in this action until this Court's Order of Judgment dated September 21, 2006 (Docs. 20, 21) became final, which would have occurred at the end of the sixty (60) days for appeal provided under Fed. R. App. P. 4(a)(1).  <u>See Shalala</u>, 509 U.S. at 302.  Because Petitioner's motion was filed on September 29, 2006, (Doc. 22), it is found to be timely filed.

useful starting point for determining the amount of a reasonable fee is the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate." <u>Watford v. Heckler</u>, 765 F.2d 1562, 1568 (11th Cir. 1985) (quoting <u>Hensley v. Eckerhart</u>, 461 U.S. 424, 433 (1983)). <u>See also</u> <u>Jean v. Nelson</u>, 863 F.2d 759, 772-772 (11th Cir. 1988) (discussing the reasonableness of the hours expended in the context of contentions by the government that the fee requests were not supported by sufficient documentation and often involved a duplication of effort), <u>aff'd</u> <u>sub</u> <u>nom</u>, <u>Commissioner, I.N.S. v. Jean</u>, 496 U.S. 154 (1990).

3.   The EAJA (as amended)[3] provides, in relevant part, as follows:

> The amount of fees awarded under this subsection shall be based upon prevailing market rates for the kind and quality of the services furnished, except that . . . attorneys fees shall ***not*** be awarded in excess of $125.00 per hour **unless the court determines that an increase in the cost of living or a special factor, such as the limited availability of qualified attorneys for the proceedings involved, justifies a higher fee.**

28 U.S.C. § 2412(d)(2)(A) (emphasis added.)

4.   In <u>Meyer v. Sullivan</u>, 958 F.2d 1029 (11th Cir. 1992), the Eleventh Circuit determined that the EAJA establishes a two-step analysis for determining the appropriate hourly rate to be applied

---

[3]On March 29, 1996, the EAJA was amended so as to increase the statutory cap on EAJA fees from $75.00 per hour to $125.00 per hour. <u>See</u>, <u>e.g</u>, <u>Ikner v. Apfel</u>, 2000 WL 1844704, *2 n.1 (S.D. Ala. Nov. 9, 2000). These amendments apply to civil actions commenced on or after the date of enactment; therefore, the statutory cap of $125.00 per hour applies in this present action.

in calculating attorneys fees under the Act:

> The first step in the analysis, . . . is to determine the
> market rate for "similar services [provided] by lawyers
> of reasonably comparable skills, experience, and
> reputation." . . . The second step, which is needed only
> if the market rate is greater than [$125.00] per hour, is
> to determine whether the court should adjust the hourly
> fee upward from [$125.00] to take into account an
> increase in the cost of living, or a special factor.

Id. at 1033-1034 (citations and footnote omitted).

5.    With regard to the reasonableness of the hours claimed by
Plaintiff's attorney, "[t]he fee applicant bears the burden of
establishing entitlement and documenting the appropriate hours and
hourly rates." Norman v. Housing Auth. of City of Montgomery, 836
F.2d 1292, 1303 (11th Cir. 1988).  "[T]he measure of reasonable
hours is determined by the profession's judgment of the time that
may be conscionably billed and not the least time in which it might
theoretically have been done." Id. at 1306.

6.    In the case sub judice, Plaintiff argues that an increase
in the cost of living has occurred, thus justifying an hourly rate
of $156.87; however, he has cited no cases from this district in
which a fee in excess of the $125.00 cap was awarded.  Moreover,
the Court's own research has revealed that $125.00 per hour is the
going rate in this District for social security awards. See, e.g.,
Boone v. Apfel, CV 99-0965-CB-L (August 20, 2001) (adopting the
Magistrate Judge's recommendation that the prevailing market rate
be raised from $117.00 to the EAJA cap of $125.00); Willits v.
Massanari, CV 00-0530-RV-C (same); and Boggs v. Massanari, CV 00-

4

0408-P-C (same).   Further, while the district court has authority to increase the fee, it is not required to do so.[4]   Id.; Hall v. Shalala, 50 F.3d 367, 369 (5th Cir. 1995), aff'd., 50 F.3d 367, reh'g den., 62. F.3d 398 (5th Cir. 1995).   As aptly noted by the Fifth Circuit, the statutory cap serves to "ensure an adequate source of representation" and to minimize the cost of representation to tax payers - the dual purposes of the EAJA.   Id. at 369-370.   Thus, based on the record before the Court, the undersigned finds that the requested hourly rate of $156.87 is not justified, and that the current $125.00 rate adequately ensures that the purposes of the EAJA are met.   Accordingly, the undersigned recommends a hourly rate of $125.00.

   7.   Attached to Petitioner's application is an itemization of time detailing the description of work performed, the time expended, and the date on which the work was performed.   (Doc. 22 at Exhibit 3).   The undersigned has reviewed this document and the Commissioner's response, and finds that, under the circumstances, and given the usual number of hours billed by attorneys in similar actions, the Petitioner is entitled to an attorney's fee in the amount of $1,781.25, representing 14.25 hours of attorney time expended representing Plaintiff in federal court at the hourly rate of $125.00.   See, e.g., Coleman v. Apfel, 2000 WL 1367992 (S.D.

---

[4] See also Pierce v. Underwood, 487 U.S. 552, 571-572 (1987) (holding that Congress determined that $125.00 per hour is "quite enough" public reimbursement for Social Security counsel under EAJA); Waller v. Commissioner of Social Security, CV 01-0253-BH-L (Jan. 21, 2003).

Ala. Aug. 30, 2000).

**III.** <u>**CONCLUSION**</u>

Therefore, upon consideration of the pertinent pleadings, the undersigned Magistrate Judge **RECOMMENDS** that Petitioner's Application for Attorney's Fees Pursuant to the Equal Access to Justice Act be **DENIED in part** and **GRANTED in part** as follows: the EAJA award should be limited to the EAJA rate of $125.00 per hour, thereby resulting in an award of **$1,781.25** for 14.25 attorney hours spent representing Plaintiff in connection with this action.

The attached sheet contains important information regarding objections to the report and recommendation of the undersigned Magistrate Judge.

**DONE** this **17**th day of **January, 2007**.

<u>    /s/ Sonja F. Bivins    </u>
**UNITED STATES MAGISTRATE JUDGE**

**MAGISTRATE JUDGE'S EXPLANATION OF PROCEDURAL RIGHTS
AND RESPONSIBILITIES FOLLOWING RECOMMENDATION
AND FINDINGS CONCERNING NEED FOR TRANSCRIPT**

1.   **Objection**.  Any party who objects to this recommendation or anything in it must, within ten days of the date of service of this document, file specific written objections with the clerk of court.  Failure to do so will bar a *de novo* determination by the district judge of anything in the recommendation and will bar an attack, on appeal, of the factual findings of the magistrate judge.  See 28 U.S.C. § 636(b)(1)©; Lewis v. Smith, 855 F.2d 736, 738 (11th Cir. 1988).  The procedure for challenging the findings and recommendations of the magistrate judge is set out in more detail in SD ALA LR 72.4 (June 1, 1997), which provides, in part, that:

> A party may object to a recommendation entered by a magistrate judge in a dispositive matter, that is, a matter excepted by 28 U.S.C. § 636(b)(1)(A), by filing a "Statement of Objection to Magistrate Judge's Recommendation" within ten days after being served with a copy of the recommendation, unless a different time is established by order.  The statement of objection shall specify those portions of the recommendation to which objection is made and the basis for the objection. The objecting party shall submit to the district judge, at the time of filing the objection, a brief setting forth the party's arguments that the magistrate judge's recommendation should be reviewed *de novo* and a different disposition made. It is insufficient to submit only a copy of the original brief submitted to the magistrate judge, although a copy of the original brief may be submitted or referred to and incorporated into the brief in support of the objection. Failure to submit a brief in support of the objection may be deemed an abandonment of the objection.

A magistrate judge's recommendation cannot be appealed to a Court of Appeals; only the district judge's order or judgment can be appealed.

2.   **Opposing party's response to the objection.**  Any opposing party may submit a brief opposing the objection within ten (10) days of being served with a copy of the statement of objection.  Fed. R. Civ. P. 72; SD ALA LR 72.4(b).

3.   **Transcript (applicable where proceedings tape recorded)**.  Pursuant to 28 U.S.C. § 1915 and Fed.R.Civ.P. 72(b), the magistrate judge finds that the tapes and original records in this action are adequate for purposes of review.  Any party planning to object to this recommendation, but unable to pay the fee for a transcript, is advised that a judicial determination that transcription is necessary is required before the United States will pay the cost of the transcript.

/s/ SONJA F. BIVINS
**UNITED STATES MAGISTRATE JUDGE**